Ollie **COLE**, as Administratrix of the Estate of Victor Cole, Appellee,

v.

**CITY OF LITTLE ROCK**, Arkansas; **Wallace Poole**; **Keith Cockrell**; **Louie C. Caudell**, Appellants,

**Joe Oberle**, Defendant.

No. 97–1328.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 5, 1997.

Decided Dec. 2, 1997.

Anthony W. Black, Assistant City Attorney, Little Rock, AR, for Appellant.

Chris Tarver, Little Rock, AR, for Appellee.

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

In this interlocutory appeal, the City of Little Rock, Arkansas, and Little Rock Police Department detectives Wallace Poole, Keith Cockrell, and Louie C. Caudell (defendant officers) appeal the district court's[1] partial denial of their motion for summary judgment in Ollie Cole's 42 U.S.C. §§ 1983 and 1988 action. Defendants' motion asserted, inter alia, that plaintiff failed to sue the officers in their individual capacities. The district court concluded defendant officers had been sued in their individual capacities, sua sponte considered the issue of qualified immunity, and on some claims denied summary judgment based on qualified immunity. Defendants appeal only the issue of capacity.

Pursuant to 28 U.S.C. § 1291, appellate courts have jurisdiction over final decisions of district courts. In a case involving qualified immunity, an order denying summary judgment may constitute an appealable order depending on the issue appealed. *See Johnson v. Jones*, 515 U.S. 304, 311, 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995). Orders denying Eleventh Amendment immunity or absolute immunity are appealable as well. *See Murphy v. Arkansas*, 127 F.3d 750, 753 (8th Cir.1997); *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir.1997).

The single issue defendant officers raise, however, is not reviewable, as they have failed to tie it to any question of immu-

1. The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

nity. Additionally, the City may not appeal the denial of its motion for summary judgment. *See Eagle v. Morgan*, 88 F.3d 620, 628 (8th Cir.1996) ("City does not enjoy qualified immunity and cannot invoke the collateral order doctrine").

Accordingly, we dismiss this appeal for lack of jurisdiction.